John Albrecht, NV Bar No. 4505
General Counsel
Kiah D. Beverly-Graham, NV Bar No. 11916
Deputy General Counsel
Truckee Meadows Community College
2215 Raggio Parkway
Reno, Nevada 89512-1095
(775) 673-7396
(775) 673-7135 fax
john.albrecht@dri.edu
kiah.beverly@dri.edu

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

LARS JENSEN,

    Plaintiff,

v.

NATALIE BROWN, et al.

    Defendants.

Case No. 3:22-cv-00045-MMD-CLB

## **DEFENDANTS' MOTION TO STAY DISCOVERY**

All Defendants, by and through their undersigned attorneys, hereby move to temporarily stay discovery until after the Court has disposed of Defendant's pending Motion to Dismiss (ECF No. 21) (the "MTD") and any subsequent motion to dismiss filed with respect to any amended pleading the Court gives Plaintiff leave to file upon disposition of the MTD. The requested stay would lift upon Defendants' filing of an Answer.

The instant Motion to Stay ("Motion") is based upon the papers and pleadings on file herein; the following Memorandum of Points and Authorities; and any oral argument the Court may entertain.

///

///

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## Allegations of the First Amended Complaint

The operative pleading is the First Amended Complaint (ECF No. 8) (the "FAC"). For a detailed summary of the FAC's relevant allegations, Defendants respectfully refer the Court to their MTD at 4-8. The relevant allegations are essentially as follows.

Plaintiff is a current member of TMCC's math faculty. This matter arises from an incident at a TMCC workshop for faculty and administrators. Plaintiff insisted upon distributing a handout at the workshop by walking around and personally handing it to each participant. His supervising dean instructed him not to do so and instructed him to affix it to a whiteboard available at the workshop for that exact purpose. The Plaintiff refused to follow the dean's instruction and was reprimanded. Eventually, the Plaintiff received unsatisfactory ratings on two consecutive annual performance evaluations, the first of which was in part because of the insubordination at the workshop. A hearing was held regarding the two consecutive performance evaluations which could have resulted in Plaintiff's dismissal from his job. The Plaintiff was retained in his job as a math faculty member and remains in that position to date.

The FAC alleges seven causes of action. The first two causes of action allege free speech retaliation claims, asserting that the six defendants – Truckee Meadows Community College administrators and the Chancellor of the Nevada System of Higher Education – in their official and individual capacities retaliated against the Plaintiff when they disciplined him for failing to follow his supervisor's instruction on how he should distribute a handout at a college workshop. The Fourth Cause of Action alleges due process violations against three of the administrators, in their individual and official capacities, arising from a disciplinary proceeding that did not result in the Plaintiff's dismissal from his job. The Sixth Cause of Action alleges a class-of-one equal

-2-

protection claim. The Third and Fifth Causes of Action allege supplemental state claims based upon the state constitution's free speech and due process clauses. The Seventh Cause of Action is for declaratory relief based on the first six causes of action.

## Relevant Procedural Background

On March 15, 2022, Defendants filed their MTD, seeking dismissal of the FAC in its entirety. Per an agreement-in-principle that Defendants expect will be memorialized shortly in a stipulation, Plaintiff's Opposition will be due on April 12, 2022 and Defendants' Reply due May 3, 2022.

Approximately two weeks prior to filing this Motion, Defendants' counsel met and conferred with Plaintiff's counsel by telephone regarding the requested stay of discovery. Plaintiff's counsel stated that the Plaintiff was willing to stay depositions but no other discovery. Defendants have made a good faith effort to resolve the issues raised herein without motion practice, but that effort was not successful. The foregoing facts are set forth in the accompany Declaration of John Albrecht.

This matter is in the earliest stages. As of the date of the instant Motion, discovery has not yet commenced and no discovery demands have been served by either side.

## Argument

**I.   Defendants' MTD raises the issues of qualified immunity and Eleventh Amendment immunity, which are likely to dispose of the entire action. Defendants have also asserted multiple other grounds for which the FAC fails to state a claim, which collectively warrant dismissal of the FAC in its entirety. Given these viable arguments for wholesale dismissal, discovery should be stayed until the MTD is decided.**

The standard for deciding a motion to stay discovery pending the outcome of a dispositive motion is (1) whether the motion to dismiss is potentially dispositive of the entire case; and (2) whether the motion to dismiss may be decided without additional discovery.

*Tradebay, LLC, v. eBay, Inc.,* 278 F.R.D. 597, 602 (D. Nev. 2011).  The Defendants meet this standard for a temporary stay of discovery.

Qualified immunity is raised as a defense to all causes of action except the First, which is the only claim pled solely against official capacity defendants.  Eleventh Amendment immunity is raised as a defense to all causes of action except the second, which is the only one pled solely against individual capacity defendants. Thus, all causes of action are subject to potential dismissal on an immunity theory. *See* MTD at 20:22-22:9.

The Supreme Court has held, "Until this threshold [qualified] immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Crawford-El, v. Britton,* 523 U.S. 574, 598 (1998).  The Ninth Circuit has affirmed that a stay of discovery is appropriate when qualified immunity is raised as a defense.  *Little v. City of Seattle,* 863 F. 2d 681, 685 (9th Cir. 1988); *see also Ministerio Roca Solida v. U.S. Dept. of Fish and Wildlife,* 288 F.R.D. 500, 506-07 (D. Nev. 2013) (immunity questions should be decided before the parties engage in discovery). Because Defendants' immunity defenses are likely to result in dismissal of the entire FAC, discovery should be stayed pending disposition of the MTD.

The MTD raises several other arguments likely to result in dismissal of the entire FAC. To assist in determining whether these arguments are potentially dispositive of the entire case, the Court may take a "preliminary peek" at the MTD's merits. See *Tradebay*, 278 F.R.D. at 602.

The First and Second Cause of Action are for purported retaliation for plaintiff's exercise of his free speech rights. This is a dispute between the Plaintiff and his supervising dean over how Plaintiff's written hand out should be distributed at a college workshop.  The dean simply instructed the Plaintiff how to distribute his written handout in a manner not to disrupt the

workshop. The Plaintiff refused to follow that instruction and was later disciplined. This is not a viable free speech retaliation claim. *See* MTD at 9:13-16:23

In the Fourth Cause of Action the Plaintiff alleges various due process violations in connection with his termination hearing and the process preceding that hearing. But he fails to plausibly allege the *prima facie* elements of such a claim and fails to explain why the robust procedures he was afforded were not constitutionally sufficient. They were. He received advance notice of the charges against him and a full opportunity to defend himself. *See* MTD 16:24-21:18.

The Sixth Cause of Action is for violating the Plaintiff's equal protection rights. Plaintiff fails to allege membership in any protected class. And the U.S. Supreme Court held that an equal protection claims under a class-of-one theory is not cognizable in public employment. *Engquist v. Oregon Dept. of Agr.,* 553 U S 591, 607 (2008). *See* MTD at 22:11-21.

The Third and Fifth Causes of Action are supplemental state claims over which the Court should decline jurisdiction if the federal claims are dismissed. There are several other arguments supporting dismissal of these claims. *See* MTD at 22:23-23.

The Seventh Cause of Action is for declaratory relief based upon the first six causes of action. This claim cannot survive if the underlying substantive causes of action fail.

Finally, the aforementioned bases for dismissal are legal arguments that generally accept the truth of the facts alleged. In some instances, these arguments refer to clear inferences from the alleged facts or documents incorporated by reference into the FAC or subject to judicial notice. Most importantly, the immunity arguments which are likely to dispose of the entire action are purely legal. There is no dispute that all defendants are state employees. Accordingly, no

discovery is necessary for resolution of the pending MTD, further warranting a stay of discovery. *See Tradebay*, 278 F.R.D. at 608.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and enter a protective order staying all discovery in this action until the date, if ever, on which Defendants file an Answer.

DATED March 16, 2022.

    */s/ John Albrecht*
John Albrecht, NV Bar No. 4505
General Counsel
Kiah D. Beverly-Graham, NV Bar No. 11916
Deputy General Counsel
Truckee Meadows Community College
2215 Raggio Parkway
Reno, Nevada 89512-1095
(775) 673-7396
(775) 673-7135 fax
john.albrecht@dri.edu
kiah.beverly@dri.edu

*Attorneys for Defendants*