John M. Nolan, Esq. (NSBN 15790)
2750 Peavine Creek Road
Reno, Nevada 89523
jmnolan84@gmail.com

Michael Langton, Esq. (NSBN 290)
801 Riverside Drive
Reno, NV 89503
Telephone: (775) 329-3612
mlangton@sbcglobal.net

Mark Mausert, Esq. (NSBN 2398)
Sean McDowell, Esq. (NSBN 15962)
729 Evans Avenue
Reno, Nevada 89512
Telephone: (775) 786-5477
mark@markmausertlaw.com

*Attorneys for Plaintiff*

John Albrecht, NV Bar No. 4505
General Counsel
Kiah D. Beverly-Graham, NV Bar No. 11916
Deputy General Counsel
Truckee Meadows Community College
2215 Raggio Parkway
Reno, Nevada 89512-1095
(775) 673-7396
(775) 673-7135 fax
john.albrecht@dri.edu
kiah.beverly@dri.edu

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LARS JENSEN, an individual,<br><br>*Plaintiff,*<br>v.<br><br>NATALIE BROWN, et al.<br><br>*Defendants.* | Case No. 3:22-cv-00045-ART-CLB<br><br>**JOINT CASE MANAGEMENT REPORT AND [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Judge Carla Baldwin's Order to File Case Management Report (ECF 36), Rule 16 and 26 of the Federal Rules of Civil Procedure, Local Rule 26-1, and Judge Baldwin's Civil Standing Order IV the parties' counsel met and conferred on June 21, 2022.  The parties jointly submit the following Joint Case Management Report and Proposed Discovery Plan and Scheduling Order in advance of the Case Management Conference scheduled for July 13, 2022.

The parties are in substantial agreement on the issues addressed herein and do not presently require the Court's assistance in resolving any discovery issues.  The parties believe that the upcoming scheduled conference is not warranted at the present time, but will defer to the Court's discretion.

1.   ***A short statement of the nature of the case (three pages or less), including a description of each claim and defense;***

    **a.  Plaintiff's Description of the Case**

Plaintiff claims violation of federal and state constitutional rights by Defendants and requests declaratory relief from this Court.  The principal legal issues in this case involve whether Defendants retaliated against Plaintiff over a multiyear period for exercising constitutionally protected speech.  Plaintiff contends that Defendants unlawfully violated his constitutional rights by ignoring clearly established case law.

        **i.   First Amendment Retaliation – First, Second, and Third Causes of Action**

Plaintiff contends that Defendants retaliated against him in both their official and individual capacities for the exercise of his free speech rights as protected under the First Amendment of the United States Constitution.  Pursuant to 42 U.S.C. § 1983, Plaintiff contends that Defendants are liable for the damages that resulted from their unconstitutional actions. Plaintiff also contends that Defendants actions violated his speech rights protected under Nevada Constitution, Article 1, Section 9.

        **ii.  Procedural Due Process Violations – Fourth and Fifth Causes of Action**

Plaintiff contends that Defendants Brown, Hilgersom, and Flesher violated his procedural due process rights protected under the Fourteenth Amendment of the United States Constitution and Article 1, Section 8 of the Nevada Constitution.

### iii. **Equal Protection Violation – Sixth Cause of Action**

Plaintiff contends that Defendants violated his equal protection rights protected under the Fourteenth Amendment of the United States Constitution.  Defendants treated Plaintiff differently than similarly situated individuals through adverse employment actions, retaliation, harassing investigations, and forced termination of his constitutionally protected free speech rights.

### iv. **Declaratory Relief – Seventh Cause of Action**

Plaintiff contends that there is an actual controversy that exists between himself and Defendants due to Defendants' custom and practice of retaliating through adverse employment action against professors who speak on matters of public concern.  Plaintiff demands declaratory judgments that: (1) Defendants' adverse employment actions against Dr. Jensen, and Defendants' custom or practice of retaliating against and terminating professors for speaking on matters of public concern, are unconstitutional abridgments of the freedom of speech, (2) Defendants' interpretation of "insubordination" as applied to Dr. Jensen and Defendants' custom and practice of incorrectly charging faculty with insubordination violates the NSHE handbook and Nevada Supreme Court holding in *ex rel Richardson*, and (3) Defendants' violations of procedural due process as applied to Dr. Jensen, and Defendants' custom or practice of ignoring due process rights of faculty in disciplinary hearings are unconstitutional and violate due process rights guaranteed in the Constitution.

///

///

### b. Defendants' Description of the Case

Defendants have a Motion to Dismiss pending and have not answered. They reserve the right to answer and assert defenses. Defendants will generally deny the FAC's allegations, that they violated Plaintiff's federal or state rights, or that they acted unlawfully towards Plaintiff. They will also assert immunity under the Eleventh Amendment and Qualified Immunity.

Defendants agree that the principal legal issue in this case is whether Plaintiff's First Amendment rights were violated.

### i.     First Amendment Retaliation – First, Second, and Third Causes of Action

Defendants did not violate Plaintiff's free speech rights. The expressive conduct alleged in the FAC does not support a First Amendment retaliation claim. It was made by a public employee, in the course of his non-academic employment responsibilities, and is not of public interest. And, the conduct which led to Plaintiff's discipline was at a work event and violated the instructions of Plaintiff's immediate supervisor. Defendants have an interest in preventing such conduct at work which outweighs any interest of Plaintiff in communicating in the exact manner in which he desired, especially because other means were available. For the same reason, Plaintiff will also not be able to prove, as required, that any protected speech was a substantial motiving factor for the employment actions taken against him.

### ii. Procedural Due Process Violations – Fourth and Fifth Causes of Action

Plaintiff will not be able to prove deprivation of a protected right because the process of which he complains did not result in his termination or loss of reputation as it relates to honesty or morality. Plaintiff does not allege any other protected interest.  The process Plaintiff was afforded was adequate: he received notice and was fully able to defend himself, as evidenced by the fact the proceedings did not result in his termination or any other sanction.

### iii. **Equal Protection Violation – Sixth Cause of Action**

No action was taken against Plaintiff on the basis of membership in a protected class and there are no facts that would support a class-of-one claim or otherwise support the allegation that he was treated differently than others in any manner that is legally redressable.

### iv. **Declaratory Relief – Seventh Cause of Action**

Declaratory relief depends upon Defendants having acted wrongfully as alleged by one or more of the claims above. Defendants did not, meaning no declaratory relief is warranted.

**2.** ***The jurisdictional bases for the case, citing specific jurisdictional statutes. If jurisdiction is based on diversity, the citizenship of each party shall be identified and the amount in controversy must be stated;***

This case is brought under 42 U.S.C. § 1983 for abridgment of First Amendment Rights.  The parties agree that this Court has original jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this is an action to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States. There are no issues regarding personal jurisdiction or venue.  No parties remain to be served.

**3.** ***Whether any party expects to add additional parties to the case or otherwise amend the pleadings;***

Plaintiff reserves the right to add additional parties or amend pleadings based on evidence and facts that are uncovered during discovery.

Defendants do not anticipate seeking to join any additional parties but reserve their right to do so. Defendants have yet to answer due to the pendency of their motion to dismiss and reserve the right to answer, and to amend the same, as appropriate.

*4.   Whether there are any pending motions, including a brief description of those motions;*

There is a pending Motion to Dismiss filed by Defendants on March 15, 2022 (ECF 21). Plaintiff filed his Opposition to the Motion to Dismiss on April 13, 2022 (ECF 33), and Defendants' filed their Reply (ECF 34) on May 4, 2022.  Plaintiff has requested oral argument before Judge Traum.

*5.   Whether this case is related to any other case pending before this court or any other court, including a bankruptcy court, and if so, provide a brief description of the status of those case(s);*

The Parties are not aware of any other cases related to this action pending before any court at this time.

*6.   A complete and detailed statement related to discovery, which addresses the following issues:*

*a.   The date the Rule 26(f) initial disclosures were provided, or will be provided, by each party;*

The Rule 26(f) initial disclosures will be provided by July 5, 2022.

*b.   A brief statement regarding, what discovery requests have been served by any party, who the requests were served upon, and the due dates for responses to those requests;*

There have not yet been discovery requests served by any party.

*c.   Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information;*

The parties anticipate a protective order may be necessary to protect the confidentiality of documents and information that relate to personnel records. As discovery progresses, defendants may also determine that other sensitive, non-public information may warrant similar protection. As these issues arise, the parties will make best efforts to reach a mutually acceptable stipulation concerning confidentiality.

> ### d.   Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;

The Court has instructed the parties to narrow discovery such that certain issues proceed first. *See* Minutes, ECF No. 37, at 2. The parties agree that it would be most efficient for discovery to be sequenced such that discovery served within the first 120 days after the 26(f) conference (i.e. June 21, 2022) be limited to written and documentary discovery on issues relevant to Plaintiff's causes of action for First Amendment retaliation and the related state law claim. These are the principal legal issues in the case, and the parties expect the facts relevant to the federal and state law causes of action concerning free speech will substantially overlap. For these reasons, the parties submit that there is good cause to stagger discovery as requested.

> ### e.   Whether the parties anticipate the need to take discovery outside of the District of Nevada or the United States and, if so, a description of the proposed discovery; and,

The Parties do not presently anticipate the need to conduct discovery outside of the District of Nevada or the United States but reserve the right to seek such discovery as appropriate.

      **f.**   *A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions.*

Plaintiff anticipates taking approximately 10 depositions in this case and anticipates that all depositions will have video and/or sound recordings.

Defendants anticipate taking one to seven depositions but reserve the right to seek additional depositions depending upon the issues that remain after resolution of the Motion to Dismiss and the witnesses disclosed by Plaintiff. Defendants anticipates most depositions can be taken within the District of Nevada but reserve the right to seek to conduct/defend depositions remotely.

      *7.*   *A brief statement regarding the types of ESI expected in the case, where the ESI is located, a statement of any agreements reached by the parties related to ESI on the issues listed above, and any outstanding disagreements between the parties related to ESI.*

Plaintiff will require the following ESI from Defendant: (i) emails and documents related to the claims in this case, (ii) text messages related to the claims in this case from all Defendants, (iii) calendar information for all Defendants, (iv) social media content related to the claims in this case from all Defendants, and other relevant ESI believed to be in the possession of Defendants.  The ESI is located at Truckee Meadows Community College or in the possession of Defendants.

Defendants anticipate that a substantial number of documents Plaintiff will seek will be ESI in the form of emails. Defendants are unaware of potentially relevant ESI in the form of text messages, calendar information, or social media content but will make efforts to locate such – to the extent relevant and otherwise appropriate for disclosure – if requested.

Defendants also wish to advise the Court at the outset that TMCC's email systems pose several technical difficulties in connection with performing a largescale ESI review (based on Plaintiff's existing public records requests, Defendants expect his discovery demands may necessitate review of a substantial number of ESI documents). The technical issues arise largely because TMCC relies on Gmail for its email system, which is substantially limited as compared to Outlook and other tools typically used by large institutions. Among other things, TMCC's Gmail (i) does not allow for administrator access privileges, meaning email searches must be conducted by entering a user's account, during which time the user must be excluded and cannot use their email; (ii) requires manual, time-intensive exports out of user accounts to allow for review; and (iii) such export results in a file format that requires time-intensive conversion to PDF prior to review. Defendants are a state institution and several of its current and former employees. They do not have the resources to fund an electronic document review platform, which further slows the usual pace at which a largescale ESI review would be conducted. Defendants will comply with all discovery obligations, but believe it is important to advise the Court now of these limitations, which may slow the pace of document production.

8. *In the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed firm dates for each of the following pursuant to Local Rule 26-1:*

a. *A deadline for the completion of discovery;*

The deadline for completion of discovery in this matter is June 5, 2023 per Order of Judge Baldwin. *See* ECF No. 36.

b. *A deadline for amending the pleadings and adding parties;*

The deadline for filing motions to amend the pleadings or to add parties is March 7, 2023.

**c.   *Dates for complete disclosure of expert testimony;***

The deadline for complete disclosure of expert testimony is April 6, 2023, and rebuttal expert disclosures are due 30 days after the initial disclosure of experts.

**d.   *A deadline for the filing of dispositive; and,***

The deadline for filing dispositive motions is July 5, 2023.

**e.   *A date by which the parties will file the joint pretrial order.***

The deadline for the parties to file the joint pretrial order is August 4, 2023, unless a dispositive motion is pending, in which case this deadline is suspended until 30 days after decision on the dispositive motion.

**The parties shall state whether the dates proposed in this paragraph are within the deadlines specified in LR 26-1(e). If so, then the parties' report shall state, "THE DEADLINES SUBMITTED HEREIN ARE IN COMPLIANCE WITH LR 26-1(b)." If longer deadlines are sought, the parties' report shall state "SPECIAL SCHEDULING REVIEW REQUESTED." If the parties request special scheduling review of the LR 26-1(b) deadlines, the parties shall include a statement of the reasons why longer or different time periods should apply to the case. If the parties disagree as to the LR 26-1(b) deadlines, a statement of each party's position on each point of dispute should be provided.**

The dates proposed are not as specified in the local rules, but Judge Baldwin ordered that the parties shall be allowed 360 days from June 8, 2022, to complete discovery, which sets the discovery cutoff as June 8, 2022. See Minutes of June 8, 2022 hearing (ECF No. 37).  All dates above are based on the June 8, 2022 discovery cutoff.  Because the Court ordered this timeframe, any requirements for special scheduling review are satisfied.

*9.   Whether a jury trial has been requested, whether the request for a jury trial is contested (if the request is contested, set forth reasons), and an estimated length for trial.*

Plaintiff has requested a jury trial on all causes of action.  The parties have agreed to make best efforts to limit trial to no more than three days, but they recognize that it is difficult to estimate length of trial at this point. The trial may take up to five days or longer, depending on how the issues in the case develop.

*10. A statement as to the possibility of settlement and when the parties desire a court sponsored settlement conference, i.e., before further discovery, after discovery, after dispositive motions, etc.*

Plaintiff does not at this time believe there is the possibility of settlement.  If a settlement conference occurs Plaintiff requests it occurs after the deadline for dispositive motions to be submitted.  Defendants are open to reasonable settlement discussions at any time but do not believe a settlement conference will be productive at this time in light of Plaintiff's position on settlement.

*11. Whether the parties intend to proceed before the magistrate judge. Presently, when a civil trial is set before the district judges, any criminal trial set that conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent good cause, but the civil trial may instead trail from day to day or week to week until the completion of either the criminal case or the older civil case. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.*

The Parties do not consent to trial or disposition of pretrial motions by the Magistrate Judge. The parties request that Judge Traum preside over the trial and rule on all dispositive motions. For all other discovery related motions Plaintiff consents to proceed before Judge Baldwin.

**_12. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre−trial motions or trial._**

The parties' joint request concerning phasing discovery is stated *supra* at 7:9-18.

**_13. Whether either party requests that a case management conference be set in the case._**

A case management conference is scheduled to take place on July 13, 2022 at 9:00 AM in Reno Courtroom 1 before Judge Baldwin.

**14. Email Service**

 Pursuant to FRCP 5(b)(2)(E), the parties agree that service of unfiled documents will be valid and effective when made by email as follows: (i) upon Plaintiff by email to all of John Nolan at jmnolan84@gmail.com; Michael Langton at mlangton@sbcglobal.net; and Mark Mausert and Sean McDowell at mark@markmausertlaw.com; and (ii) upon Defendants by email to Kiah Beverly-Graham at kiah.beverly@dri.edu; and Cathy Bandoni at cbandoni@nshe.nevada.edu. This list may be changed by agreement of the parties without further order of the Court.

DATED: June 22, 2022

/s/  John M. Nolan_____
John M. Nolan, Esq. (NSBN 15790)
2750 Peavine Creek Road
Reno, Nevada 89523
jmnolan84@gmail.com

Michael Langton, Esq. (NSBN 290)
801 Riverside Drive
Reno, NV 89503
Telephone: (775) 329-3612
mlangton@sbcglobal.net

Mark Mausert, Esq. (NSBN 2398)
Sean McDowell, Esq. (NSBN 15962)
729 Evans Avenue
Reno, Nevada 89512
Telephone: (775) 786-5477
mark@markmausertlaw.com

*Attorneys for Plaintiff*

DATED: June 22, 2022          /s/ Kiah D. Beverly-Graham
                              John Albrecht, NV Bar No. 4505
                              General Counsel
                              Kiah D. Beverly-Graham, NV Bar No. 11916
                              Deputy General Counsel
                              Truckee Meadows Community College
                              2215 Raggio Parkway
                              Reno, Nevada 89512-1095
                              (775) 673-7396
                              (775) 673-7135 fax
                              john.albrecht@dri.edu
                              kiah.beverly@dri.edu

                              *Attorneys for Defendants*

## PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

| Event | Deadline |
|---|---|
| Rule 26(f) Initial Disclosures | July 5, 2022 |
| Case Management Conference | July 13, 2022 at 9:00 a.m., in Reno Courtroom 1 |
| Deadline for Completion of Discovery (per L.R. 26-1(b)(1)) | June 5, 2023 |
| Deadline to move to Amend the Pleadings or add Parties (per L.R. 26-1(b)(2)) | March 7, 2023 |
| Dates for Complete Disclosure of Expert Testimony (per L.R. 26-1(b)(3)) | April 6, 2023 |
| Rebuttal Expert Disclosures (per L.R. 26-1(b)(3)) | 30 days after the initial disclosure of experts |
| Deadline for the Filing of Dispositive Motions (per L.R. 26-1(b)(4)) | July 5, 2023 |
| Deadline for the Parties to File the Joint Pretrial Order unless a dispositive motion is pending (per L.R. 26-1(b)(5)) | August 4, 2023 |

IT IS HEREBY ORDERED that the above JOINT CASE MANAGEMENT REPORT and the

PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER are approved for this case and

all parties shall comply with their provisions.


DATED:                                    _____

                                                    Honorable Judge Carla Baldwin
                                                    UNITED STATES MAGISTRATE JUDGE