John M. Nolan, Esq. (NSBN 15790)
2750 Peavine Creek Road
Reno, Nevada 89523
jmnolan84@gmail.com

Michael Langton, Esq. (NSBN 290)
801 Riverside Drive
Reno, NV 89503
Telephone: (775) 329-3612
mlangton@sbcglobal.net

Mark Mausert, Esq. (NSBN 2398)
Sean McDowell, Esq. (NSBN 15962)
729 Evans Avenue
Reno, Nevada 89512
Telephone: (775) 786-5477
mark@markmausertlaw.com

*Attorneys for Plaintiff Lars Jensen*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LARS JENSEN, an individual,<br><br>*Plaintiff,*<br><br>v.<br><br>NATALIE BROWN, in her individual and official capacities as Administrative Officer at Truckee Meadows Community College; JULIE ELLSWORTH, in her individual and official capacities as Dean of Sciences at Truckee Meadows Community College; ANNE FLESHER, in her individual and official capacities as Dean of Math and Physical Sciences at Truckee Meadows Community College; KARIN HILGERSOM, in her individual and official capacities as President of Truckee Meadows Community College; MARIE MURGOLO, in her individual and official capacities as Vice President of Academic Affairs at Truckee Meadows Community College; MELODY ROSE, in her | Case No. 3:22-cv-00045-ART-CLB<br><br>**PLAINTIFF'S MOTION TO AMEND RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED VERIFIED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |

individual and official capacities as Chancellor of the Nevada System of Higher Education,

*Defendants.*

Plaintiff Lars Jensen, by and through his undersigned counsel, move this Court for leave to Amend his Response in Opposition to Defendants' Brown, et al., Motion to Dismiss the First Amended Complaint filed on April 13, 2022, (ECF No. 33)(the "OMTD" ) in light of new evidence that was turned over to Plaintiff on September 7, 2022, as a result of a public records request made on September 16, 2021.  This Motion to Amend Plaintiff's OMTD  is made and based upon the following Memorandum of Points and Authorities, the Verified Complaint (ECF No.1)(the "complaint" ) and exhibits thereto, the First Amended Verified Complaint (ECF No. 8)(the "FAC" ) and exhibits thereto, Defendants' Brown, et al., Motion to Dismiss (ECF No. 21)(the "MTD" ), the exhibits and declarations filed in support of the OMTD, the Declaration of David Demers (ECF No. 31)( "Demers Decl." ) and exhibits thereto, the Declaration of Lars Jensen (ECF No. 32)( "Jensen Decl." )and exhibits thereto, Defendants' Brown, et al, Reply to the Opposition to the Motion to Dismiss, (ECF No. 34)(the "Reply" ), the pleadings and papers on file herein including documents attached to or incorporated into the pleadings, and such other evidence and argument as the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     BACKGROUND**

Plaintiff, Dr. Lars Jensen, filed his Verified Complaint on January 26, 2022.  Two days later, on January 28, 2022, Plaintiff filed his FAC.  Defendants filed their MTD on March 15, 2022, Plaintiff filed his OMTD on April 13, 2022, and Defendants filed their reply on May 4,

2022. Prior to this matter being before this Court, Plaintiff was subject to a termination hearing that took place on October 1 and October 22, 2021. In preparation for that hearing, Plaintiff made various public records requests for information on September 16, 2021. Part of the request, which is still not completely responded to, was released to Plaintiff on September 7, 2022, and contained additional "new facts" that clearly show Defendants' intent to retaliate against Plaintiff for his constitutionally protected speech.

Plaintiff respectfully requests this Court to allow leave to Amend his OMTD by including the proposed Exhibit H.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "…a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule goes on to state that Courts "should freely give leave when justice so requires." *Id.* When deciding whether to grant a motion for leave to amend the Court should assess the following five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff had previously amended his complaint." *Madrid v. Hutchings*, 2022 WL 4110368 at 27 (D. Nev Sept. 6, 2022)(quoting *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013)). The Ninth Circuit has held that the presentation of "new facts" combined with "satisfactory explanation for his failure to fully develop his contentions originally" as sufficient grounds for a District Court to grant leave to amend. *See Bonin v. Calderon*, 59 F. 3d 815, 845 (9th Cir. 1995)(citing *Allen v. City of Beverly Hills*, 911 F. 2d 367, 374 (9th Cir. 1990)).

///

///

### III. ANALYSIS

Dr. Jensen's Motion for Leave to Amend his OMTD is based on new facts discovered in the delivery of emails from a public records request. The pertinent email chain disclosed through the records request reveals that Defendant Julie Ellsworth and Defendant Anne Flesher coordinated with others at TMCC prior to the Math Summit on January 21, 2020, to retaliate against Plaintiff's constitutionally protected speech.

First, this email chain demonstrates that Defendants' empty claim of Plaintiff creating a "conspiracy theory" is wrong and that in fact at least two of the named Defendants did in fact specifically target Plaintiff prior to the Math Summit on January 21, 2020. *See* MTD 3:6-10  This email thread also reveals why only Plaintiff was targeted at the Math Summit to use the "Parking Lot."

Second, the email chain also shows that at one-point Defendants were seriously considering having police present to arrest Dr. Jensen because they felt his professionally articulated concerns were "bullying."  Prior planning to have the police present would provide support for Plaintiff's claim that the Math Summit was a public event.

Third, the overall email thread demonstrates intent by Defendants Julie Ellsworth and Anne Flesher to discriminate against Plaintiff because Defendants did not approve of the content of his speech regarding policy implementation for math curriculum at Truckee Meadows Community College that dealt with matters of public concern. In Defendants' MTD they state that Plaintiff's prior emails "…do not support the First Amendment claims and can be put aside for this analysis." *See* MTD 9:22-23  This newly discovered email thread reveals that Plaintiff was targeted specifically for disciplinary action for his prior speech in emails. Plaintiff originally requested these emails through a public records request on September 16, 2021, with a request

for delivery before October 1, 2021, so they could be used in his termination hearing. Defendants' delivery of the emails occurred on September 7, 2022 – almost one year later. This delay severely hurt Plaintiff's ability to defend himself at the termination hearing and pleadings before this Court.

Fourth, this email thread clearly demonstrates that Plaintiff was speaking on matters of public concern, raises important questions as to whether the speech was as a private citizen or public employee, shows that the adverse employment action was based on the Plaintiff's protected speech, reveals that Defendants' lacked justification for treating Plaintiff differently, and shows that the basis for the adverse employment action was the protected speech.   Under the clearly established case law in the Ninth Circuit, these newly discovered facts meet the tests set out for First Amendment Retaliation. *See Eng v. Cooley*, 552 F.3d 1062 (9th Cir. 2009); *Demers v. Austin*, 746 F.3d 402 (9th Cir. 2014).

Finally, this email thread also shows that Defendant Ellsworth and Defendant Flesher considered Dr. Jensen's prior constitutionally protected speech as an "attack" on them as administrators, which further supports Plaintiff's state law claims made under the precedent from the *Richardson* case from the Nevada Supreme Court. *See Richardson v. Bd. of Regents*, 70 Nev. 347, 366-67 (1954); *See also* Reply 4:13-22.

**IV.** **CONCLUSION**

Plaintiff respectfully requests that this honorable Court grant leave to amend his OMTD by inclusion of proposed Exhibit H.  This exhibit contains an email thread which demonstrates Plaintiff was targeted prior to the Math Summit on January 21, 2020, for retaliation based on his constitutionally protected speech.

For the foregoing reasons, Plaintiff Dr. Lars Jensen respectfully requests this Court to grant the Motion for Leave to Amend his OMTD by including Exhibit H.

DATED: September 22, 2022                              Respectfully submitted,

By:  /s/ John M. Nolan
John M. Nolan, Esq. (NSBN 15790)
2750 Peavine Creek Road
Reno, Nevada 89523
jmnolan84@gmail.com

/s/ Michael Langton
Michael Langton, Esq. (NSBN 290)
801 Riverside Drive
Reno, NV 89503
Telephone: (775) 329-3612
mlangton@sbcglobal.net

/s/ Mark Mausert
Mark Mausert, Esq. (NSBN 2398)
Sean McDowell, Esq. (NSBN 15962)
729 Evans Avenue
Reno, Nevada 89512
Telephone: (775) 786-5477
mark@markmausertlaw.com

*Attorneys for Plaintiff Lars Jensen*