Kiah D. Beverly-Graham
NV Bar No. 11916
General Counsel
Truckee Meadows Community College
2215 Raggio Parkway
Reno, Nevada 89512-1095
(775) 673-7300
(775) 673-7135 fax
kiah.beverly@dri.edu

*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LARS JENSEN,<br><br>         Plaintiff,<br><br>    v.<br><br>NATALIE BROWN, et al.<br><br>         Defendants. | Case No. 3:22-cv-00045-ART-CLB |

**OPPOSITION TO PLAINTIFF'S MOTION TO AMEND MOTION PAPERS**

All Defendants submit this Opposition to Plaintiff's Motion to Amend Response in Opposition to Defendants' Motion to Dismiss the First Amended Verified Complaint (ECF No. 44) (the "Motion").

**I.  THE MOTION SHOULD BE DENIED BECAUSE THE RELIEF REQUESTED WOULD RESULT IN NEW ALLEGATIONS BEING INTRODUCED THROUGH BRIEFING, WHICH IS NOT PERMITTED ON A MOTION TO DISMISS**

Plaintiff's Motion seeks to add new, unpled factual matter and arguments to Plaintiff's opposition papers previously submitted in response to Defendants' pending Motion to Dismiss (ECF No. 21). The new factual material is contained in a document recently produced to Plaintiff in response to a public records request to Truckee Meadows Community College.

"[N]ew allegations contained in [a party's] opposition motion . . . are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not*

-1-

look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (emphasis in original) (citing, *inter alia*, 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) for the proposition that "The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)"); *see also Rio Properties, Inc. v. Wong Shun Yuen*, No. 205-cv-00961-RCJ-LRL, 2006 WL 8442466, at *3 (D. Nev. July 20, 2006) ("it is inappropriate for the Court to consider additional facts set forth in an opposition or reply brief when considering a Motion to Dismiss").

The prohibition against adding unpled factual material through the motion papers is critical to the purpose of a motion to dismiss. Such a motion is meant to "test[] the sufficiency of the pleadings" through consideration of whether the complaint (not other papers) states a claim. *See, e.g., DeNigris v. Las Vegas Police Managers & Supervisors Ass'n, Inc.*, No. 2:11-cv-119, 2012 WL 1964027, at *2 (D. Nev. May 31, 2012). This task becomes impossible if new, unpled factual allegations can be introduced through briefing, making the facts at issue in the dispositive motion an ever-moving target.

Plaintiff's Motion seeks to interject new facts and arguments on a fully submitted motion to dismiss, based on material that is not alleged or referred to anywhere in the operative pleading. *See* Motion at 2:8-10, 3:5, 4:2 (describing document at issue as "new facts" first obtained by Plaintiff on September 7, 2022, a date long after the date the operative complaint was filed). The relief requested is directly at odds with the above-referenced authorities, and the Motion should accordingly be denied.

///

## II. THE MOTION SHOULD ALSO BE DENIED BECAUSE IT IS NOT PERMITTED BY THE FEDERAL RULES OF CIVIL PROCEDURE

The Motion should also be denied because Plaintiff has not identified any appropriate basis in the Federal Rules of Civil Procedure for the relief requested.

Plaintiff's motion is premised on Fed. R. Civ. P. 15(a)(2). *See* Motion at 3:10-25 (arguing the legal standard for the Motion is Rule 15(a)(2)). That rule permits a party to move to "amend its *pleading[.]*" *Id*. (emphasis added). The problem with the relief requested is that the motion papers Plaintiff seeks to amend are not pleadings.

Fed. R. Civ. P. 7(a)(1)-(7) describes a "pleading" as one of a limited number of specific documents, such as an answer or complaint, that set forth the parties' allegations or response to the same. *See also* Black's Law Dictionary (11th ed. 2019) (defining pleading as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses. In federal civil procedure, the main pleadings are the plaintiff's complaint and the defendant's answer"). Motion papers are not pleadings.

This is no mere technicality: as discussed above, the purpose of a motion to dismiss is undermined if new facts can be interjected through amended briefing.

## III. PLAINTIFF'S CHARACTERIZATION OF THE DOCUMENT IS IRRELEVANT AND SHOULD BE DISREGARDED

Because there is no procedural basis for the Motion at issue, there is no standard or test against which the content of the proposed new material should be measured. Rather, the dispositive issues on this Motion are addressed above. Accordingly, Plaintiff's arguments and characterizations of the new factual material (*see* Motion at 4-5) are not relevant to the disposition of the Motion. In any event, because Plaintiff seeks to add new briefing, but does not

-3-

attach the proposed new papers, Defendants are not able to meaningfully respond to the proposed new arguments.

However, because Plaintiff's interpretation of the new email contains serious allegations, Defendants are compelled to note that they do not agree with Plaintiff's characterization of the document and generally dispute the accuracy of that characterization.

If the Court determines that Plaintiff is entitled to amend his opposition papers, Defendants respectfully request that the Court grant them a reasonable time after the amended opposition is filed to amend their reply to address these new issues.

## CONCLUSION

Not only is there no rule basis for Plaintiff's motion, granting it would be directly contrary to the principle that papers submitted in connection with a motion to dismiss cannot be used to add to, or amend, the pleadings. For that reason, and as further stated herein, Defendants respectfully request that the Court deny Plaintiff's Motion to add new, unpled factual material to the existing Motion to Dismiss briefing.

DATED October 6, 2022

 /s/ Kiah Beverly-Graham
Kiah D. Beverly-Graham
NV Bar No. 11916
General Counsel
Truckee Meadows Community College
2215 Raggio Parkway
Reno, Nevada 89512-1095
(775) 673-7300
(775) 673-7135 fax
kiah.beverly@dri.edu

*Attorney for Defendants*

-4-