Kiah D. Beverly-Graham
NV Bar No. 11916
General Counsel
Truckee Meadows Community College
2215 Raggio Parkway
Reno, Nevada 89512-1095
(775) 673-7300
(775) 673-7135 fax
kiah.beverly@dri.edu

*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

LARS JENSEN,

    Plaintiff,

v.

NATALIE BROWN, et al.

    Defendants.

Case No. 3:22-cv-00045-ART-CLB

**STIPULATED PROTECTIVE ORDER REGARDING**
**CONFIDENTIALITY OF DISCOVERY MATERIAL**

It is hereby stipulated by and between Plaintiff Lars Jensen and all Defendants, by and through their undersigned counsel of record, as follows.

Discovery in this action may require the parties to disclose records and/or information that is confidential, proprietary, and sensitive because, *inter alia*, parties seek discovery that includes or refers to personnel matters and/or records; student matters and/or records; administrative and teaching faculty committees/organizations internal deliberative processes; personal information such as addresses, telephone numbers, medical information, salary information, and other information peculiar to an individual and usually considered private; security measures; and/or other matters which are not publicly known and which any party to this action reasonably and in good faith believes is confidential. The foregoing is referred to

herein as "Confidential Information". Information does not constitute "Confidential Information" solely because a party believes disclosure would harm its public image.

The parties agree that need for the protection of, and the prevention of improper dissemination of, Confidential Information constitutes good cause warranting the entry this Protective Order.

Accordingly, the Parties respectfully request that the Court enter the following stipulated provisions as an order.

## **PROTECTIVE ORDER**

1. If a party is requested to produce documents or answers to written discovery which that party (the "Producing Party") considers to be Confidential Information; or if there is deposition testimony which any party reasonably and in good faith believes contains Confidential Information, then the procedures in this Protective Order shall apply.

2. A Producing Party may mark as "Confidential" any document or answer to written discovery that contains, in whole or in part, Confidential Information. Such designation shall be made by marking, stamping or typing the word "CONFIDENTIAL" on each page of the document at the time it is produced to the party who requests the document or information (the "Receiving Party").

3. Any party may designate deposition testimony as "Confidential" by orally making such a designation on the record at the deposition or by written notice to all parties no later than the deadline to prepare errata for any given deposition transcript.

4. If a Receiving Party objects to a Producing Party's confidentiality designation with respect to a particular document or deposition testimony the following procedure will apply:

-2-

a. The objecting party must notify the Producing Party in writing of both the objection and the grounds for the objection within 14 days from the date the document or information was produced, or designated as "Confidential", whichever is later.

b. If the Producing Party does not agree to withdraw the designation, the parties shall attempt to resolve the matter through meeting and conferring. If a resolution does not occur, the Receiving Party may seek relief from the Court by following the procedures in Section V-B of Judge Baldwin's Civil Standing Order. In such cases, the Producing Party bears the burden of persuading the Court that the material is properly designated as "Confidential". The Receiving Party must seek relief from the Court within 14 days of the meet-and-confer or the objection will be deemed waived.

c. If an objection is made, the documents, testimony, or information at issue shall continue to be treated as confidential unless and until the Producing Party agrees to withdraw the designation or the Court so orders.

5. Unless the Producing Party consents in advance, a document, information, testimony, or portion, summary, or abstract thereof, that is designated as "Confidential" pursuant to this Protective Order shall not be disclosed to any persons other than the Court and its officers; the parties to this action; counsel of record for the parties; legal assistants and clerical personnel employed by counsel of record; witnesses or court reporters at deposition; or experts retained in connection with this action. Prior to disclosure of any confidential material to any expert, the expert shall be furnished a copy of this Protective Order and agree in writing to comply with its provisions.

6. Any documents, testimony, and/or information that has been designated "Confidential" pursuant to this Protective Order may only be used only in the above-captioned action and may not be used in any other action or for any other purpose.

7. If a party wishes to file in this action documents, information, or testimony designated as "Confidential" by another party, the party who wishes to file must first give five days' written notice to all other parties, who may then seek leave of the Court for such material to be filed under seal, following the procedures for discovery motions in Section V-B of Judge Baldwin's Civil Standing Order. All motions to seal shall address the standard articulated in *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). During the pendency of such a motion, the deadline for the filing of any papers that seek to include the confidential material will be stayed until five days after the final resolution of the motion, including the resolution of any objection to the presiding Judge. If applicable, the time to file opposition and/or reply papers will be extended by the same amount of time. No provision of this paragraph will apply when a Producing Party seeks to file its own documents.

8. To the extent production in this action of any confidential personnel document or information requires a Court order pursuant to Nevada System of Higher Education Handbook Title 2, Ch. 5. Section 5.6.2, or any other rule, law, or regulation, this Protective Order constitutes such an order. However, neither the Parties' entry into this Stipulation, nor the Court's entry of the Stipulation as a Protective Order, constitutes a waiver of any objection to production, including on the basis of confidentiality, or a mandate that any particular confidential document be produced.

9. Any designation of "Confidential" pursuant to this Protective Order does not apply to a separate copy of a document lawfully and independently obtained by the Receiving Party.

10. Nothing in this Protective Order prevents a Producing Party's from redacting information from a produced document when appropriate.

11. Inadvertent failure to designate any document, transcript, or other materials as "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document as "Confidential" after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and upon request from the Producing Party certify that the designated documents have been maintained as confidential information.

12. In the event that a Producing Party inadvertently produces material or documents subject to a claim of privilege, that Party does not waive such claim if, within a reasonable amount of time after it actually discovers that such material or documents were produced, the Party notifies all other Parties of the inadvertent disclosure of privileged items, identifying the material or documents produced and stating the privilege asserted. Within ten days of such notification, the Receiving Party must return the specified material or documents and any copies and must permanently destroy any electronic copies of such material. Mere failure to diligently screen documents before producing them does not waive a claim of privilege. If any Party contends that any document subject to this Paragraph is not privileged, such Party must comply with this Paragraph but may challenge the privilege designation pursuant to Paragraph 4 of this Order.

13. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the Parties with

written notice that they intend to comply with and be bound by the terms of this Protective Order.

14. Within 45 days of the entry of the final order concluding this action, all confidential documents or things; any copies, summaries, and abstracts thereof; or notes relating thereto, shall be returned to the Producing Party or destroyed by the Receiving Party (including by being shredded), at the option of the Receiving Party, with proof or attestation of such destruction of records being transmitted by the Receiving Party to the Producing Party, except as otherwise ordered by the Court or stipulated in writing by the parties.

15. This Protective Order may be amended, without prior leave of the Court, by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed with the Court.

**IT IS SO STIPULATED.**

DATED: November 23, 2022           DATED:  November 23, 2022

 /s/    John M. Nolan               /s/ Kiah D. Beverly-Graham
John M. Nolan, Esq. (NSBN 15790)    Kiah D. Beverly-Graham, NV Bar No. 11916
2750 Peavine Creek Road             General Counsel
Reno, NV 89523                      Truckee Meadows Community College
Jmnolan84@gmail.com                 2215 Raggio Parkway
                                    Reno, NV 89512-1095
*Attorney for Plaintiff*            (775) 673-7300
                                    (775) 673-7135 fax
                                    kiah.beverly@dri.edu

                                    *Attorney for Defendants*

**The Court's jurisdiction with respect to this protective order will terminate upon the conclusion of this case.**

**IT IS SO ORDERED.**

Dated: November 28, 2022

_____
**UNITED STATES MAGISTRATE JUDGE**

-6-